**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| EUCLID REALTY CAPITAL V, LLC ) | |
| ) Case No. 25-00518-ELG | |
| ) | |
| Debtor. ) Chapter 11 | |
| ) | |

**MOTION TO RETAIN EXISTING BANK ACCOUNT**

COMES NOW Euclid Realty Capital V LLC ("Euclid" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 6004, and moves this Honorable Court for leave to continue to receive deposits into the bank account held by the Debtor-in-Possession ("DIP") prior to the filing of this case with the proviso that Debtor will subsequently transfer all such income into the DIP account, and in support thereof state as follows:

**I.    Introduction**

The Debtor maintained, pre-petition, a single bank account with Truist, an institution insured by the Federal Deposit Insurance Corporation (the "FDIC"). While the Debtor is aware that the Operating Guidelines and Reporting Requirements of the United States Trustee (the "UST Guidelines") calls for all pre-petition bank accounts to be closed, and new debtor-in-possession bank accounts ("DIP Accounts") to be opened, this would be unduly burdensome given the specific facts of this case.

Jeffery T. Martin, Jr., Bar No. VA71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
*Counsel to the Debtor*

For the reasons set forth herein, the Debtor respectfully asks that it be permitted to retain its existing bank account.

Prior to filing bankruptcy, as part of his ordinary course of business, the Debtor used a checking account maintained at Truist as identified by account number XXXXXXXX1055 (the "Account"). The District of Columbia Housing Authority ("DCHA"), remits rental income to the Debtor through The Housing Choice Voucher Program in this pre-existing bank account. Due to the complications associated with submitting the appropriate papers and instructions to the DCHA necessary to re-direct the funds to the DIP account, Debtor seeks authorization to have a monthly voucher deposits from the DCHA, deposited into this pre-existing Truist account. Subsequently, the Debtor will effect a transfer of these funds to the Debtor-in-Possession ("DIP") account as identified by account number XXXXXXXX0442 within two (2) business days of receiving payment from the DCHA.

The Debtor asserts that this arrangement is integral to its operational procedures, facilitating efficient management and allocation of revenue streams. The Debtor commits to implementing appropriate oversight measures to ensure accurate monitoring, forecasting, and reporting of financial activities associated with both the Account and the DIP account.

The Account has been in place for a protracted period of time and is essential to the stability of the Debtor's assets and strategic business objectives, and to maximize the value of its estate. Despite the financial challenges faced, the Debtor--in its sound business judgment--maintains a strong belief that continued access to, and utilization of the Account is crucial for sustaining business operations and meeting ongoing financial obligations.

II.     **Argument: The Existing Bank Account is Adequately Insured**

For self-evident reasons, the Bankruptcy Code requires debtors' funds be held in properly-insured depository institutions. While placing monies in a DIP Account no doubt serves to achieve these ends, the retaining funds in an existing secured account provides sufficient protections.

The Bankruptcy Code does not actually mandate that debtors open new bank accounts upon filing petitions for relief, instead requiring only:

> **Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United Stat**es or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—
>
> (1) a bond—
>
> (A) in favor of the United States;
>
> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
> (C) conditioned on—
>
> (i) a proper accounting for all money so deposited or invested and for any return on such money;
>
> (ii) prompt repayment of such money and return; and
>
> (iii) faithful performance of duties as a depository; or
>
> (2) the deposit of securities of the kind specified in section 9303 of title 31;
>
> unless the court for cause orders otherwise…

11 U.S.C. § 345(b) (emphasis added).

The UST Guidelines, however, go a step further, requiring, *inter alia*, "The debtor must immediately close pre petition bank accounts and open new 'debtor in possession' bank accounts. All receipts must flow through the debtor in possession account(s). All disbursements should be by check." UST Guidelines, p. 3, § II(A)(1).

Under Section 345 of the Bankruptcy Code, a regime is created through which DIP Accounts can be established at banks that post the requisite bond and agree to participate in the

3

subject program. The regime, however, is plainly only applicable "[e]xcept with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States…" 11 U.S.C. § 345(b). And where the FDIC insures a bank, the institution may be understood to have the protections of "a department, agency, or instrumentality of the United States." *See, e.g.*, 12 U.S.C. § 1811(a) ("There is hereby established a Federal Deposit Insurance Corporation … which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted").

The current extent of FDIC insurance on each deposit is $250,000.00. 12 U.S.C. § 1821(a)(1)(E). The Debtor's account has a balance well below that threshold and is held at an FDIC-insured bank. Should the Debtor obtain funds in excess of the insured threshold, it will open a new account at a new bank, so as to ensure no monies lack appropriate federal insurance. But, for the time being, the Debtor believes maintenance of its existing account to offer adequate security to estate funds, and accordingly respectfully seeks leave to continue utilizing the extant depository account.

### III.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) permit the Debtor to continue to receive rental income from DCHA in its pre-existing bank account; and (ii) afford such other and further relief.

                                                Respectfully Submitted,

Dated: January 21, 2026        By:   /s/ Jeffery T. Martin, Jr.
                                                            Jeffery T. Martin, Jr., Bar No. VA71860
                                                             Martin Law Group, P.C.
                                                              8065 Leesburg Pike, Suite 750
                                                              Vienna, VA 22182
                                                             703-834-5550 Office
                                                              jeff@martinlawgroup.com
                                                             *Counsel to the Debtor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this January 21, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                             /s/ Jeffery T. Martin, Jr.
                                                             Jeffery T. Martin, Jr.