Office of the United States Trustee
Katharine I. Toledo
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202) 603-5203 (Office Cell)
katharine.i.toledo@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | |
| **Euclid Realty Capital V LLC,** | Case No. 25-00518-ELG |
| Debtor. | Chapter 11 |

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel, moves this Court to convert this chapter 11 case to chapter 7 or, in the alternative, dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On November 11, 2025, the Debtor filed this case under chapter 11 of the Bankruptcy Code. *See* Docket No. 1.

4. The Debtor is a Single Asset Real Estate Debtor. *Id*. at 2.

5. The Debtor's Schedule A/B lists its ownership interest in the property located at 501 Chesapeake St SE, Washington, D.C., 20032 ("the Property"), valued at $1,450,000.00. *Id*. at 9.

6. According to Schedule A/B, the Debtor's only other assets are $3,270.42 in a checking account at Truist and $8,260.00 in accounts receivable. *Id*. at 2-3.

7. The Section 341 Meeting of Creditors ("the 341 Meeting") was held and concluded on December 9, 2025. Docket No. 5.

8. The Debtor has provided proof of its unexpired commercial general liability insurance to the Office of the U.S. Trustee.

9. On January 22, 2026, counsel for the Office of the U.S. Trustee requested proof of the Debtor's real property insurance.

10. As of the date of the filing of this Motion, the Debtor has failed to produce proof of unexpired insurance coverage on the Property.

11. As of the date of the filing of this motion, the Debtor has also failed to pay its quarterly fees for Quarter 4 of 2025.

## **Argument**

12. The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. *See* 11 U.S.C. § 1112(b)(1).

13. The Bankruptcy Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *See In re Skeen, Goldman LLP*, No. 07-10535-JS, 2007 WL 4556683 (Bankr. D. Md. Dec. 20, 2007), at *4; *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

14. The Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

**I.  This case should be converted or dismissed due to the Debtor's failure to maintain real property insurance.**

15. 11 U.S.C. § 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" constitutes "cause" for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(C).

16. "[C]ourts have consistently interpreted § 1112(b)(4)(C) as requiring the debtor to 'maintain appropriate insurance' to protect the estate and the public". *Willner v. Fitzgerald*, No. 1:22-cv-486-MSN-JFA, 2023 WL 2422431 (E.D. Va. Feb. 7, 2023), at *4. "When a debtor owns real property with structures . . . § 1112(b)(4)(C) requires that the debtor maintain casualty and liability insurance to protect the estate and the public." *In re Delta AG Grp., LLC*, 596 B.R. 186, 196 (Bankr. W.D. La. 2019); *In re Pure Repair and Trucking LLC*, 658 B.R. 895, 905 (Bankr. S.D. Ohio 2024); *see also Dickey v. Harrington*, 559 B.R. 547, 550 (D. Mass. 2016) (holding that a debtor having mere "forced-place" hazard insurance and no liability insurance on real property is insufficient and constitutes cause under Section 1112(b)(4)(C)); *In re Sanders*, No. 09-09094-DD, 2010 WL 5136192 (Bankr. D.S.C. Apr. 29, 2010), at *5 ("[D]ebtor testified that he has no insurance on the real property but relies on the secured creditors maintaining force placed insurance[; s]uch insurance generally protects the interest of lienholders but not the interests of the debtor or the bankruptcy estate.").

17. In the instant case, cause exists to grant the requested relief under 11 U.S.C. § 1112(b)(4)(C) for failure to maintain real property insurance. Although the Debtor was asked to provide proof of its real property insurance one month ago, the Debtor has not yet provided proof that it maintains real property insurance at all. Maintenance of insurance is essential to preserve the Debtor's assets, protect the bankruptcy estate, and protect the public. Accordingly, there is cause to dismiss or convert this case under § 1112(b)(4)(C).

**II.     This case should be converted or dismissed due to the Debtor's failure to pay its quarterly fees.**

18.     11 U.S.C. § 1112(b)(4)(K) provides that "failure pay any fees or charges required under chapter 123 of title 28" constitutes cause for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(K).

19.     In this case, the Debtor owes $250 in quarterly fees for Quarter 4 of 2025. The Debtor's quarterly fees for Quarter 4 of 2025 came due on January 31, 2026. Accordingly, the Debtor's failure to pay its quarterly fees also constitutes cause for conversion or dismissal under § 1112(b)(4)(K).

20.     As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id*. The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id*.; *see also In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the interest of the creditors of the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismissing this case.

February 20, 2026                                          Matthew W. Cheney
                                                           Acting United States Trustee, Region 4

                                                           */s/ Katharine I. Toledo*
                                                           Katharine I. Toledo, D.C. Bar No. 90027591
                                                           Trial Attorney
                                                           Office of United States Trustee
                                                           1725 Duke Street, Suite 650
                                                           Alexandria, VA 22314
                                                           (202) 603-5203 (Office Cell)
                                                           Email: katharine.i.toledo@usdoj.gov

**Certificate of Service**

       I hereby certify that on February 20, 2026, I electronically filed the foregoing Motion with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Diana Pereira Dias diana@martinlawgroup.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Emil Hirsch ehirsch@carltonfields.com, wdcecf@cfdom.net; ewhittington@carltonfields.com;ACinca@carltonfields.com;lierardi@carltonfields.com

Jeffery T. Martin jeff@martinlawgroup.com, Martin.JefferyT.B119228@notify.bestcase.com; brittany@martinlawgroup.com;Diana@martinlawgroup.com

Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

       I further certify that on February 20, 2026, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| Euclid Realty Capital V LLC<br>4917 Carriagepark Rd.<br>Fairfax, VA 22032 | DC Office of Tax and Revenue<br>1101 4th Street, SW, Suite W270<br>Washington, DC 20024 |
| DC WATER<br>P.O. BOX 97200<br>Washington, DC 20090 | |

                                            */s/ Robert W. Ours*
                                            Robert W. Ours
                                            Paralegal Specialist