Maurice VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com
*Counsel for IBI SBL Investment LP*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-518-ELG |
| | ) | (Chapter 11) |
| EUCLID REALTY CAPITAL V LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO DEFER CONSIDERATION OF ADEQUACY OF
DISCLOSURE STATEMENT TO CONFIRMATION HEARING**

Comes now IBI SBL Investment LP ("IBI," the "Secured Creditor," or the "Plan Proponent"), by and through undersigned counsel, pursuant to section 105(d)(2)(B)(vi) of title 11 of the United States Code, and moves this Honorable Court to defer consideration of the disclosure statement (the "Disclosure Statement"), DE #39, to a hearing on confirmation of the plan associated therewith (the "Plan"), DE #38, and in support thereof states as follows:

**I.      Introduction**

This is a relatively simple case that has invited introduction of a relatively simple plan of liquidation. The Debtor appears to own only one property, alongside *de minimis* cash and accounts receivable, and the Debtor appears to be indebted only to IBI, the District of Columbia, and DC Water. IBI, accordingly, is suggesting conclusion of this bankruptcy proceeding through a plan that contemplates an auction of the Debtor's real estate in open court and the use of the proceeds thereof—alongside cash on hand—to pay all claimants in accord with the governing priority scheme.

1

In light of the simplicity of the Plan, it is appropriate to defer consideration of the Disclosure Statement to a hearing on confirmation. The only parties impaired under the Plan are IBI (the Plan Proponent) and the Debtor's equity interest. Both the Debtor and IBI are represented by counsel exceedingly familiar with the chapter 11 process and who regularly appear in this Honorable Court. And there is thusly a greater degree of formality—as opposed to substantive consideration—that necessarily encompasses consideration of the Disclosure Statement. Title 11 of the United States Code (the "Bankruptcy Code") recognizes there will be instances where circumstances disfavor the protraction of a case and, instead, favor the combined consideration of a plan and disclosure statement; assuredly, this is one such case.

For these reasons and as extrapolated upon *infra*, it is respectfully requested that consideration of the Plan be expedited through deferring consideration of the Disclosure Statement to a confirmation hearing.

## II.    Background

While the contours of this case are, by now, well known to all involved, a brief summary pertinent facts and events is as follows:

1.      The Debtor sought chapter 11 protection on November 11, 2025, and therein acknowledged being a single asset real estate entity. DE #1.

2.      The Debtor appears to be in the business of owning and operating a low-rise apartment building, with ten tenants being disclosed on the Debtor's schedules. *Id.* at pp. 15-18.

3.      Though more than 90 days have passed since the petition date, IBI—the Debtor's lone traditional (ie, non-municipal and non-utility) secured creditor—has forborne from seeking stay relief, instead favoring a resolution to this case through a plan-centric sale process.

4.      With the exclusivity period having now elapsed, 11 U.S.C. § 1121(c), IBI has—of even date herewith—docketed the Plan and Disclosure Statement.

**III.     Argument: Consideration of the Disclosure Statement Should be Deferred**

Insofar as this is not a small business case, the Bankruptcy Code requires a disclosure statement be filed and approved. *See* 11 U.S.C. § 1125. The pragmatic reality, though, is that the party advocating for the Plan—IBI—is also the only party even potentially impaired thereunder (excepting the Debtor's equity interest). And IBI is, accordingly, also the only party entitled to vote on the Plan. So requiring approval of a disclosure statement, through which IBI is meant to educate itself about the contours of a plan that IBI has caused to be drafted, is slightly inane at best (and downright Kafkaesque at worst).

The Bankruptcy Code expressly contemplates that consideration of the adequacy of a disclosure statement may be deferred to a confirmation hearing:

> The court, on its own motion or on the request of a party in interest … may issue an order … prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that … provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

11 U.S.C. § 105(d).

The standard is accordingly not "for cause shown" or even "for good cause shown" but, rather, the seemingly much lower threshold of "deems appropriate." Consideration of the adequacy of a disclosure statement, at the time of confirmation, has become a norm (albeit one defined by myriad exceptions) in many chapter 11 cases of late. And it certainly seems "appropriate" to follow that route *sub judice*.

Section 105 speaks to matters being handled "expeditiously and economically." Allowing deferred consideration of the Disclosure Statement will achieve precisely those ends in this case. And it is accordingly respectfully urged such relief be afforded.

**IV.     Conclusion**

WHEREFORE, IBI respectfully prays this Honorable Court (i) direct IBI to send the Disclosure Statement, the Plan, a copy of the order granting this motion, and, where applicable, a ballot, to all parties on the mailing matrix of this case alongside the United States Securities and Exchange Commission, not later than the second business day after entry of an order granting this motion; (ii) direct Avant to promptly file a certificate memorializing such service; (iii) direct any objections to the Plan or Disclosure Statement be filed not later than June 3, 2026; (iv) direct a summary of ballots be filed not later than June 5, 2026; (v) schedule a hearing on consideration of the Disclosure Statement, and confirmation of the Plan, for June 10, 2026 at 11:00 am prevailing eastern time; and (vi) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 11, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig