The order below is hereby signed.

Signed: June 10 2026



Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-518-ELG |
| | ) | (Chapter 11) |
| EUCLID REALTY CAPITAL V LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## ORDER CONFIRMING CHAPTER 11 PLAN

Upon consideration of the Chapter 11 Plan of Liquidation of Euclid Realty Capital V LLC

Filed by IBI SBL Investment LP (the "Plan"), DE #38, any objection(s) to the confirmation thereof,

the record herein, and governing law, it is, by the United States Bankruptcy Court for the District

of Columbia, hereby:

FOUND, that the Plan designates classes of claims in a manner compliant with the dictates

of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

FOUND, that the Plan specifies the treatment of each class of claims that is impaired

thereunder; and it is further

FOUND, that the Plan provides for the same treatment for each claim or interest of each

particular class; and it is further

1

FOUND, that the Plan provides adequate means for the Plan's implementation, including—but not limited to—through allowing for an auction of the sole notable asset of Euclid Realty Capital V LLC (the "Debtor"), in a prompt and expedient manner; and it is further

FOUND, that the Debtor is a limited liability company, not a corporation; and it is further

FOUND, that the Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer or director under the plan and any successor to such officer or director; and it is further

FOUND, that the Debtor is not an individual; and it is further

FOUND, that the Plan complies with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that IBI has complied—and does continue to comply—with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Plan has been proposed in good faith and not by any means forbidden by law; and it is further

FOUND, that any payment to be made by the Debtor, for services or for costs and expenses in or in connection with this case—or in connection with the Plan and incident to the case—is subject to the approval of this Honorable Court; and it is further

FOUND, that the Debtor will remain under current management to and through the point of liquidation; and it is further

FOUND, that service by the aforesaid management is consistent with the interests of creditors, the equity security holder, and public policy; and it is further

FOUND, that no government regulatory commission has jurisdiction over the rates of the Debtor; and it is further

FOUND, that each impaired class of claims or interests, under the Plan, has accepted the Plan; and it is further

FOUND, that the Plan provides for the payment—in full—of claims arising under Section 507(a)(2) of the Bankruptcy Code; and it is further

FOUND, that this was not an involuntarily filed case and, as such, there do not exist any claims under Section 507(a)(3) of the Bankruptcy Code; and it is further

FOUND, that insofar as the Debtor is not a natural person, there do not exist any claims under Section 507(a)(1) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims correlative to wages, salaries, commissions, or sales commissions, within the ambit of Section 507(a)(4) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims for contribution to an employee benefit plan; and it is further

FOUND, that the Debtor is not—and has not been—in the business of raising grain or acting as a fisherman or fishery; and it is further

FOUND, that there do not exist herein any allowed claims correlative to deposits within the ambit of Section 507(a)(7) of the Bankruptcy Code; and it is further

FOUND, that there have not been filed any claims, in this case, within the ambit of Section 507(a)(8) of the Bankruptcy Code; and it is further

FOUND, that at least one impaired class of claims has accepted the Plan; and it is further

FOUND, that the Plan is one of liquidation; and it is further

FOUND, that all fees due and owing, by the Debtor, under section 1930 of title 28 of the United States Code have either been paid or, pursuant to the provisions of the Plan, are to be paid not later than the effective date of the Plan; and it is further

FOUND, that the Debtor neither owes nor pays retiree benefits; and it is further

FOUND, that the Debtor is not obligated on any domestic support obligations; and it is further

FOUND, that the transfer of property under the Plan is therein provided to be made in accordance with governing nonbankruptcy law as expressly modified by title 11 of the United States Code; and it is further

ORDERED, that Plan be, and hereby is, AMENDED, to strike, from Section 4.1.1, the words "On the third Wednesday when the Bankruptcy Court holds regular session, following the Confirmation Date," and to replace that verbiage with "On August 6, 2026, at 9:30 am prevailing eastern time;" and it is further

ORDERED, that the Plan be, and hereby is, AMENDED, to strike, from Section 3.2(b), the words "This Class will be paid from the proceeds of the sale of the Real Estate, at Closing," and to replace that verbiage with "This Class will be paid—in full—from the proceeds of the sale of the Real Estate, at Closing;" and it is further

ORDERED, that the Plan be, and hereby is, AMENDED, to add, at the end of Section 4.1.3, the following sentence: "The Claim of Class 3 shall be paid, in full, at Closing, with said payment to include the full pre-petition Claim, and post-petition secured administrative Claim, of Class 3;" and it is further

ORDERED, that the Plan be, and hereby is, AMENDED, to strike, from Section 8.1, the words "the Petition Date," and to replace that verbiage with "April 11, 2026," and it is further

4

ORDERED, that the Plan be, and hereby is, AMENDED, to strike, from Section 8.1, the words "All Persons are permanently enjoined from commencing, or continuing in any manner, any action or proceeding against the Plan Proponent, whether directly, derivatively, on account of or respecting any Claim, debt, right, or cause of action based in whole or in part upon any Exculpated Conduct;" and it is further

ORDERED, that subject to the amendments and alterations set forth herein, the Plan be, and hereby is, CONFIRMED.

*[Endorsements on Following Page]*

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI*


Seen:

/s/ Emil Hirsch (signed w/ express permission)
Emil Hirsch, Esq.
DC Bar No. 930479
Carlton Fields, P.A.
1625 Eye Street NW, Suite 800
Washington, DC 20006
*Attorney for District of Columbia Water  and Sewer Authority*

/s/ Katharine Toledo (signed w/ express permission)
Katharine I. Toledo, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314 (
katharine.i.toledo@usdoj.gov
*Counsel to the United States Trustee*

/s/ Jeffrey Martin (signed w/ express permission)
Jeffery T. Martin, Jr., Esq.
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
jeff@martinlawgroup.com
*Counsel to the Debtor*