**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| EUCLID REALTY CAPITAL V, LLC | ) |
|  | )   Case No. 25-00518-ELG |
|  | ) |
| Debtor and Debtor in Possession. | )   Chapter 11 |
|  | ) |

**FIRST INTERIM APPLICATION OF MARTIN LAW GROUP, P.C. FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE PERIOD FROM
NOVEMBER 10, 2025 THROUGH JUNE 10, 2026**

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"), Martin Law Group, P.C. ("MLG"), counsel to Euclid Realty Capital V, LLC (the "Debtor"), hereby files its interim application for allowance of reasonable compensation for legal services rendered in the amount of $27,075.00 and reimbursement of actual and necessary expenses incurred on behalf of the Debtor in the amount of $1,761.21 (the "Application") for the period of November 11, 2025 through June 10, 2026 (the "Compensation Period").  In support, MLG respectfully states as follows:

**BACKGROUND**

A.      **The Bankruptcy Case**

Jeffery T. Martin, Jr., Bar No. VA71860
Diana P. Dias, Bar No. 90008128
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
jeff@martinlawgroup.com
diana@martinlawgroup.com
Counsel for the Debtor

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On November 11, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").  The Debtor operates its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**B.      The Debtor's Operations**

3.      The Debtor is a limited liability company with its principal place of business in the District of Columbia.  The Debtor is a single asset real estate company that owns the real property located at 501 Chesapeake St., SE, Washington, DC 20032.

**C.      Retention of MLG as Attorneys for the Debtor**

4.      On November 19, 2025, the Debtor filed its Application to Employ Legal Counsel (the "Employment Application") [ECF 9] which had attached as an exhibit the declaration of Jeffery T. Martin, Jr. in support of the Employment Application.

5.      By order entered on December 11, 2025 [ECF 13], the Court approved the Employment Application and authorized the Debtor to employ MLG, to serve as its counsel in this Chapter 11 Case.

**RELIEF REQUESTED**

6.      By this Application, pursuant to sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1, MLG seeks interim allowance of compensation

and reimbursement of expenses incurred during the Compensation Period as set forth on the Invoice attached hereto as **Exhibit A**.

7.      This is the first interim fee application filed by MLG.

8.      All services rendered by MLG for which compensation is sought pursuant to this Application were rendered at the direction of the Debtor and solely to or on behalf of the Debtor. Other than as set forth herein, no payments were received by MLG from any other source for services rendered or to be rendered in connection with this Chapter 11 Case.  A retainer of $10,000.00 was paid by the Debtor's principal and is currently being held in escrow pending further order of the Court.

9.      The Debtor has agreed to compensate MLG for professional services rendered in connection with this case, subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges. For 2025 and 2026, the hourly rate for MLG partners and senior counsel was $575-595, for associates, $380-395, and for paralegals, $150-180.

10.     The services rendered by MLG to the Debtor during the Application Period were performed primarily by Jeffery Martin, a 2005 law school graduate and partner in the firm who practices primarily in bankruptcy, and associate Diana P. Dias, a 2021 law school graduate, who also concentrates her practice in bankruptcy.

11.     The Debtor agreed to retain MLG with the understanding that the firm would apply to the Court to be paid for the services it rendered at its normal hourly rates. The rates charged by MLG to the Debtor are consistent with the rates charged to its other clients in this area and the rates of other comparable law firms in the Washington, D.C. metropolitan area.

### AMOUNT IN CONTROVERSY AND RESULTS OBTAINED

12.     The Debtor's case during the period in question involved general case administration for a Chapter 11 business debtor, business operations, financing, and negotiations with the secured lender for the Property regarding a consent order for relief from stay and cooperation with the lender's creditor plan for reorganization.  As set forth above, detailed time entries for legal services are set forth on the attached Exhibit A.

**LEGAL STANDARD**

13.     This Court must review the reasonableness of the fees of MLG based upon whether (a) the services were reasonable at the time provided and (b) the services provided benefited or could have benefited the unsecured creditors (or the Debtor or the Estate). Based upon the proper standard and the record of this proceeding, the fees requested by MLG are reasonable.

14.     Actions taken by MLG in this case were at the direction or on behalf of the Debtor and the estate.  At the time each action was taken, MLG and the Debtor believed such action benefited or could benefit the estate.

15.     Section 330(a)(3) of the Bankruptcy Code enumerates factors to consider in reviewing the propriety of requests for compensation of professionals employed by the estate.  11 U.S.C. § 330(a)(3). The factors are: (a) the time spent; (b) the rates charged; (c) whether the services were necessary to the administration of, or beneficial toward the completion of, the case; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issue or task presented; and (e) whether compensation is reasonable based on customary fees charged by comparably skilled practitioners in cases other than bankruptcy cases.  MLG asserts that this application satisfies the Bankruptcy Code and this Court's requirements.

16.     Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. Courts frequently consider the specific "lodestar" factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  These lodestar tests were adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 259 (4th Cir. 1981), where the Fourth Circuit held that the District Court should employ the lodestar approach and then adjust the fee on the basis of the remaining *Johnson* factors in the case. The following are the *Johnson* factors:

    a) the time and labor required;

    b) the novelty and difficulty of the questions;

    c) the skill requisite to perform the legal service properly;

    d) the preclusion of other employment by the attorney due to acceptance of the case;

    e) the customary fee;

    f) whether the fee is fixed or contingent;

    g) time limitations imposed by the client or the circumstances;

    h) the amount involved and the results obtained;

    i) the experience, reputation and ability of the attorneys;

    j) the "undesirability" of the case;

    k) the nature and length of the professional relationship with the client and awards in similar cases.

In addition, the Court may appropriately use MLG's customary rates as the basis for the determination of the lodestar amount.  *Anderson v. Morris*, 658 F.2d 246, 259 (4th Cir. 1981).

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order approving payment by Debtor of MLG's legal fees in the amount of $27,075.00 and expenses of $1,761.21 pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, and for such other and further relief as is appropriate.

Respectfully submitted,

**Euclid Realty Capital V, LLC, LLC**
**By counsel**

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr., Bar No. VA71860
Diana P. Dias, Bar No. 90008128
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
Counsel for the Debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 10th day of July, 2026, that a copy of the foregoing was served via the Court's CM/ECF System on the United States Trustee and all parties requesting notice.

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr.

6